IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3295-D

| | |
|---|---|
| MUHAMMED Z. TILLISY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

On November 24, 2025, Muhammed Z. Tillisy ("Tillisy" or "plaintiff"), a federal inmate proceeding pro se, filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1].[1] Tillisy moves to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action under 28 U.S.C. § 1915(g).

I.

Tillisy is incarcerated at the Federal Correctional Institution in Butner, North Carolina ("Butner"), where the allegations of his complaint occurred. See Compl. [D.E. 1] 2, 5. Tillisy suffers from numerous medical conditions, including a "PseudoTumor, Chiari Malformation," an "up shunt . . . with severe optic nerve damage" rendering him legally blind, and "a crainectomy, where a part of his skull was removed." Id. at 6–7 (spelling in original); see Pl. Decl. [D.E. 1-1] ¶ 4. Tillisy alleges that his "medical duty status" requires assignment to "a lower bunk and a lower tier" which "has been ignored by unit team & custody for decades." Compl. at 5; see Pl. Decl. ¶ 3.

---

[1] Tillisy named the United States as the sole defendant and checked the box for an FTCA complaint, but also cites the Fifth and Eighth Amendments as a basis for his claim and alleges "disregard for civil rights violations as well as deliberate indifference." Compare id. at 2, 5, 7–8, with id. at 5.

In April 2024, a "contract neurosurgeon stated plaintiff need[ed] to be housed" at Butner's medical center, "so Mr. Tillisy could be monitored at closer observation with 24/7 medical personnel," but Butner "medical providers ignored this negligently again." Compl. at 6–7. The medical center "has only side by side double bottom bunk beds & two hospital beds side-by-side." Id. at 7.

On August 4, 2024, Tillisy fell off his assigned top bunk bed while he was sleeping, fracturing his neck and injuring his spine.[2] See Compl. at 5; Pl. Decl. ¶ 2. "He required a fusion of his head literally to his neck" and "can no longer turn his head sideways." Compl. at 5; see Pl. Decl. ¶ 8. "Since the fracture, Mr. Tillisy chokes on all solid foods," but his numerous complaints "to medical providers, cop-outs, administrators, etc." have been ignored. Compl. at 5–6; see Pl. Decl. ¶¶ 9–10. On August 14, 2025, Tillisy "choked on a peanut butter sandwich and stopped breathing for 7 minutes, having to be revived with CPR & defibrillator paddles." Compl. at 6; see Pl. Decl. ¶ 5. Tillisy was transported to a local hospital, where "doctors stated they could tell food was not going through normal brea's [sic] of throat."[3] Compl. at 6.

On November 21, 2024, Tillisy filed a tort claim. See Compl. at 8. Tillisy contends that it was "deemed denied" in May 2025, after he received no "denial and/or settlement offer." Id. On November 24, 2025, Tillisy filed a complaint under the FTCA. See id. at 1; 28 U.S.C. §§ 2671–2680. He seeks $7.75 million in damages. See Compl. at 8.

---

[2] "Tillisy's medical records show that this injury was promptly addressed by BOP and that his neck was surgically repaired . . . by specialists at Duke who continue to monitor him. Tillisy previously wore a soft neck collar but was always fully independent and safe with ADLs and did not require rehab services." Gov't Resp. Opp'n Def.'s Mots. at 11, United States v. Tillisy, No. 2:13-CR-310 (W.D. Wash. Aug. 5, 2025) (cleaned up), [D.E. 329].

[3] "Tillisy has been evaluated—both by BOP personnel and experts at Duke—and there is no medical evidence of any issue inhibiting Tillisy's ability to breath [sic] or swallow; there is, however, evidence that Tillisy has purchased all manner of food from BOP's commissary; has shown no significant weight loss; and refused a CT scan to evaluate his airway." Gov't Resp. Opp'n Def.'s Mots. at 12, Tillisy, No. 2:13-CR-310, [D.E. 329].

2

II.

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Holley v. Combs, 134 F.4th 142, 143 (4th Cir. 2025); Hall v. United States, 44 F.4th 218, 222 (4th Cir. 2022); Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006). Tillisy has used his three strikes. See R. & R. at 2–4, Tillisy v. Fox, No. 2:15-CV-300 (W.D. Wash. Sept. 4, 2015), [D.E. 36], adopted, (Oct. 5, 2015) [D.E. 37].

To avoid dismissal and proceed without prepayment of the filing fee, Tillisy must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This exception "is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall, 44 F.4th at 224; see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished); Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Vague, speculative, or conclusory allegations do not suffice to invoke this exception. See Hall, 44 F.4th at 230–31; Johnson, 200 F. App'x at 272. The court has "broad discretion to consider the totality-of-the-circumstances, past and present, to determine whether an incarcerated person faces imminent

3

serious injury at the time of filing." Hall, 44 F.4th at 224; see Holley, 134 F.4th at 145. But Tillisy must "allege sufficient specific facts to demonstrate a nexus between the claims presented and the imminent danger alleged." Hall, 44 F.4th at 230; see Holley, 134 F.4th at 146.

Tillisy fails to plausibly allege that he is presently under imminent danger of serious physical injury. Instead, Tillisy alleges that he suffered serious injuries from isolated instances: a single fall a year before he filed his complaint, and a single choking episode approximately a year later. See, e.g., Howarth v. Montgomery, No. 3:24-CV-423, 2024 WL 4437823, at *1 (N.D. Fla. Sept. 10, 2024) (unpublished), report and recommendation adopted, 2024 WL 4434802 (N.D. Fla. Oct. 7, 2024) (unpublished); Johnson v. Schad, No. 1:23-CV-569, 2023 WL 4229413, at *4 (W.D. Mich. June 28, 2023) (unpublished); Snelling v. Georgia Dep't of Corr., No. 5:20-CV-74, 2020 WL 14010802, at *2 (M.D. Ga. May 4, 2020) (unpublished); Duvall v. Troutt, No. CIV-16-1488, 2017 WL 9483527, at *2–3 (W.D. Okla. Jan. 23, 2017) (unpublished), report and recommendation adopted, 2017 WL 782504 (W.D. Okla. Feb. 28, 2017) (unpublished). Thus, Tillisy has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

### III.

In sum, the court DENIES plaintiff's request to proceed in forma pauperis [D.E. 2], and DISMISSES the action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This 6 day of February, 2026.

JAMES C. DEVER III
United States District Judge

4

Case 5:25-ct-03295-D    Document 7    Filed 02/06/26    Page 4 of 4